UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. ) Case No.: 02-128(DSD/SRN)
) CV 05-2734 DSD
MARIO RONRICO SMITH, )
Movant. )

MOVANT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION PURSUANT TO 28 U.S.C. §2255

Movant, Mario Ronrico Smith, presents this, his Memorandum of Law and Points of Authorities in Support of Jurisdiction and Motion to Vacate, Set Aside, or Correct a Sentence previously imposed by this Honorable Court.

## JURISDICTION

Movant would anticipate an objection on the part of the government as to this Court's jurisdiction and authority to hear the instant motion. Movant asserts that this Court does have jurisdiction to hear this matter pursuant to 28 U.S.C. §2255.

The anticipated objection has genesis in the April 1996 Amendment to 28 U.S.C. §2255, which provides:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the



SCANNED
NOV 2 9 2005
U.S. DISTRICT COURT ST. PAUL

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that rigth has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts support the claim or claims presented could have been discovered through the exercise of due diligence."

AEDPA § 105, 110 Stat. at 1220 (codified as part of 28 U.S.C. §2255). Because Movant's § 2255 motion is being filed after April 24, 1996, the effective date of the AEDPA, it is governed by the AEDPA. See U.S. v. Loudner, 203 F.Supp.2d 1083 (D.S.D. 2002).

A conviction becomes final for purposes of § 2255 on the date the Supreme Court denies a petition for a writ of certiorari, or the time for seeking such review expires. See Clay v. United States, 537 U.S. 522, 155 L.Ed.2d 88, 123 S.Ct. 1072 (2003).

Movant did not take an appeal to the Eighth Circuit Court of Appeals, nor did he petition the Supreme Court for a writ of certiorari from the judgment of the District Court.

Consequently, Movant's motion is now only timely if the limitations period began to run from a date other than the date in which he was convicted. Loudner, Id., at 1093.

Petitioner's conviction and sentence became "final" on January 17, 2003. As stated above, Movant did not take an appeal to the Court of Appeals nor did he petition the Supreme Court for a writ of certiorari from the judgment of the District Court.

Prior to the April 1996 Amendment to 28 U.S.C. § 2255, a motion for relief under this section could be filed by a federal prisoner at any time.

In particular, AEDPA's gatekeeping rules require a federal prisoner seeking to file a § 2255 motion to do so within one year from the date on which his judgment of conviction becomes final unless one of the three exceptions apply. 28 U.S.C. § 2255(1). However, since Movant's conviction became final after the enactment of AEDPA's one-year statute of limitations, it is Movant's position that § 2255 ¶6(3) and ¶6(4) are applicable to his present motion. Loudner, Id., at 1093. In Loudner, the court specifically held that:

> Section 2255(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather it resets the limitations period's beginning date, moving it from the time when the conviction became final, see § 2255(1), to the later date on which the particular claim accrued." Wims v. United States, 225 F.3d 186, 190 (2nd Cir. 2000).

In the instant case, the Movant contends that the proper task in a case such as this one, the court in Loudner says, is to determine when a duly diligent defendant, such as Loudner, would have discovered the circumstances under which he now presents his issues. After a discovery date has been pinpointed, a defendant, such as in Movant's case, must file his motion within one year of that date.

In Loudner, the court determined that the "due diligence" requirement should be considered in light of the totality of the circumstances present, including the defendant's confinement in prison and any special restrictions that incarceration may impose. Wims, 225 F.3d at 190; Easterwood v. Champion, 213 F.3d 1321, 1323 (10th Cir. 2000). This requirement applies to those

who could not discover the facts supporting the claims, not those who "sleep on their rights." See Fisher v. Johnson, 174 F.3d 710, 715 & n. 14 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001). The requirement though does not convey a statutory right to an extended delay while the defendant gathers every possible scrap of evidence that might, by negative implication, support his claim. See Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998).

**(A) 28 U.S.C. § 2255:**

One in federal custody may move the sentencing court for relief if his incarceration is unlawful. 28 U.S.C. §2255. The Court, upon receipt of the petition, is initially required to determine whether the claim or claims have merit. Id. It does so by reviewing the record. See.e.g., United States v. Counts, 691 F.2d 348, 349 (7th Cir. 1982); also see Federal Rules of Criminal Procedures, rules governing section 2255 proceedings Rule 4(b).

A prompt evidentiary hearing must be granted if the record fails to negate the allegations. Polittle v. United States, 852 F.2d 924, 931 (7th Cir. 1988). If the Court does not dismiss the motion, the Court must order the United States Attorney to file an answer. Section 2255 rule, supra, note (1), Rule 4(b).

The Court may then order expansion of the record to include additional materials relevant to determine the merits of the motion. Section 2255 rules, supra, note (1), Rule 7(a) and (b). After review of the earlier proceedings and examination of the expanded

record, the Court must determine whether an evidentiary hearing is required. Section 2255 rules, supra, note (1), Rule 8(a); also see Sanders v. United States, 373 U.S. 1, 19-20 (1963).

In the present case, Movant respectfully submits that the events which transpired in his case constitute a denial of his Due Process rights, as guaranteed by the 5th and 14th Amendments of and to the United States Constitution, his rights guaranteed by the 6th Amendment, Equal Protection of the Laws, and violation of Rule 32 of the Federal Rules of Criminal Procedures. In short, Movant submits that his sentence in the instant case be vacated, as he received ineffective assistance of counsel at the time that he entered his plea of guilty to the charges, and at the time he was sentenced on the charges. Movant requests that the sentence in the instant case should be vacated, due to the failure of his counsel to provide him with effective representation. Further, such failings are not merely procedural, but substantially infringed upon Movant's constitutional rights to Due Process of Law.

## STATEMENT OF THE ISSUES UNDER CONSIDERATION

Movant would repsectfully request that the Honorable Court adjudicate the following issues of law; to wit:

1. Whether the United States Magistrate Judge, Susan Richard Nelson, erroneously concluded that Movant's previous motion filed requesting "Production of the Records" in his case was an "initial §2255 Motion," without providing Movant with Notice of the "reclassification," in violation of this Circuit's law in the case of Morales v. United States, 304 F.3d 764 (8th

Cir. 2002), and the Supreme Court's decision in Castro v. United State, (No. 02-6683, argued October 15, 2003-Decided December 15, 2003)?

2. Whether Movant's plea of guilty to the charges were knowingly, intelligently and voluntarily entered due to the ineffective assistance of counsel he received at the time that he entered the plea?

3. Whether the Movant's sentence for a Weapon Enhancement should not have been applied, where the government failed to present sufficient evidence to show that the firearm was connected with the offense Movant was charged with?

4. Whether counsel was constitutionally ineffective because he failed to object to the sentencing Court's application of the enhanced penalties for offenses involving cocaine base in the absence of proof by the government at sentencing that the controlled substance Movant possessed was crack cocaine?

5. Whether the Movant is entitled to an evidentiary hearing on the issues presented?

## STATEMENT OF THE CASE

On or about August 15, 2001, as part of an ongoing investigation into the narcotics trafficking activities of Movant, officers from the Minneapolis Police Department and the Minnesota Gang Strike Force executed a state search warrant for firearms and narcotics at 1904 Fifteenth Avenue South, Minneapolis, Minnesota, an apartment known to be used by Movant. As the officers were entering the residence to execute this warrant, surveillance officers observed

Movant attempting to exit from the apartment by pushing out a window air conditioner. At that time, the officers observed Movant discard two plastic baggies containing a white powdery substance. These two discarded baggies contained approximately 38 grams of cocaine base ("crack"). Movant was later arrested inside the apartment.

During a search of the apartment located at 1904 Fifteenth Avenue, Minneapolis, Minnesota, officers recovered a 9-millimeter semi-automatic pistol, two newspaper articles regarding Movant's relatives who had been charged with murder in 1998 and 2000, approximately $3,000 in U.S. currency, two scales commonly used to weigh narcotics, and Movant's identification. The apartment at 1904 Fifteenth Avenue is leased by one of Movant's girlfriends.

On March 19, 2002, members of the Hennepin County Sheriff's Office Narcotics Unit and Minneapolis Police Department Narcotics Unit executed state search warrants for the person of Movant, Movant's vehicle, a black 2002 Ford Expedition, Minnesota license HVJ 937, and 3813 Park Avenue South, Unit #1, Minneapolis, Minnesota, a residence known by the officers to be used by Movant.

Just prior to the execution of the search warrant at the residence, officers observed Movant driving the Expedition towards the residence. Officers stopped Movant and executed a search warrant on the vehicle. This search revealed a loaded Ruger Red Hawk .480 pistol, and a small quantity of cocaine base ("crack"). Movant was arrested by the officers at that time.

Officers then executed the search warrant at 3813 Park Avenue South, Unit #1, Minneapolis, Minnesota. Seized at the residence

was approximately 80 grams of cocaine base ("crack"), a loaded 7.62 semi-automatic rifle with a scratched serial number and two loaded banana clips, several forms of identification for Movant, and a scale commonly used to weigh narcotics.

The narcotics seized by the officers during the course of this ongoing narcotics investigation have field-tested positive for the presence of cocaine.

**WHETHER THE MAGISTRATE JUDGE ERRONEOUSLY CONCLUDED THAT MOVANT'S MOTION FOR PRODUCTION OF RECORDS WAS AN INITIAL §2255, WITHOUT PROVIDING MOVANT WITH NOTICE OF THE RECLASSIFICATION?**

Movant anticipates an government objection to his present motion under Title 28, United States Code, Section 2255 on the grounds that his previously filed motion for the production of records, as reclassified by the Magistrate Judge's decision, constitutes an initial §2255 motion, and that the instant motion should be considered a second or successive motion here under §2255.

To the contrary, in Morales v. United States, 304 F.3d 764 (8th Cir. 2002), the Eighth Circuit held that, when a district court intends to reclassify a pro se litigant's pleading as a motion to vacated, it must first warn the litigant of the restrictions on second or successive motions to vacate, and must provide the litigant an opportunity either to consent to the reclassification or to withdraw his motion. that did not happen in Movant's case.

On December 1, 2004, Movant filed a pro se motion requesting the district court for an order directing the attorney who represented him to turnover to Movant the government's discovery in his case. Movant specifically argued that, the discovery materials were relevant to the issues that he would be presenting in support of his motion under §2255 that he was seeking to filed after he obtained the discovery materials. In it order dated February 1, 2005, denying Movant's motion for production of the records, the Migistrate Judge, reclassified Movant's motion as a motion filed pursuant to §2255, and subsequently denied Movant's request to

have his former attorney to turn over the discovery materials. (Doc. No. 66). The Magistrate Judge premised her consideration on the fact that, "Thus, the stated purpose for which Petitioner seeks the discovery materials, to file a motion under §2255, has become moot, particularly since he waited an additional eleven months in which to bring the instant motion." (Report at page 2). Moreover, without considering §2255's exceptions under ¶(3) and ¶(4), the Magistriate Judge denied Movant's motion as a pretextual remedy overlooking the Eighth Circuit's decision in Morales.

Of note, Section 2255, ¶6, provides:

> "A 1-year period of limitation shall apply to to a motion under this section. The limitations period shall run from the lastest of-
>
> "(1) the date on which the judgment of conviction becomes final;
>
> "(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Suprem Court and made retroactively applicable to cases on collateral review; or
>
> "(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

In most cases, the operative date from which the limitation period is measured will be the one identified in ¶6(1): "the date on which the judgment of conviction becomes final." Ibid,; see also Clay v. United States, 537 U.S. 522, 524 (2003). But the later filings are permitted where subparagrapgs (2)-(4) apply.

This case involves ¶6(3) and ¶6(4), which gives §2255 applicants one year from "the date on which the right asserted was initially recognized be the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and (4)the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Therefore, the Magistrate Judge's decision to reclassify Movant's motion for the production of the records was clearly in error, in light of the above stated text as set forth in section 2255, ¶6.

In Castro v. United States, 540 U.S. 375 (2003), the Supreme held that, with respect to federal court's longstanding practice of sometimes recharacterzing a motion, which pro se litigant had labeled differently, as the litigant's first motion for federal postconviction relief under 28 U.S.C. §2255, a Federal District Court's recharacterization powers were limited, in that the court had to (1) notify the litigant that the court intended to recharacterize the pleading, (2) warn the litigant that this recharacterization meant that any subsequent §2255 motion would be subject to §2255's restrictions on "second or successive" motions, and (3) provide the litigant an opportunity to withdraw the motion or to amend it so that it contained all the §2255 claims that the litigant believed the litigant had. If the District Court failed to do these things, then, the Supreme Court held, that the motion "could not have become a §2255 motion, for the purposes of applying the 'second or successive' restrictions."

In the present case, Movant contends that the instant filing

cannot be the subjection of any subsequent motion under §2255 to the restrictive conditions imposed upon a "second or successive" motion; because, it is in fact, Movant's first and only motion filed pursuant to Title 28, U.S.C. §2255, and the issues that he wishes to present clearly falls within the defeinition of ¶6(3), in light of the Supreme Court's decision in Dodd v. United States, 162 L.Ed. 2d 343 (June 20, 2005), dealing with the One-year limitation period for federal prisoner's motion for relief from sentence under 28 U.S.C. §2255 on basis of newly recognized right as it concerns the Supreme Court's decisions in Blakely v. Washington, 542 U.S.____ (2004); and United States v. Booker, 543 U.S.____ (2005). ¶6(4), in light of Johnson v. United States, 544 U.S.____ (2005), dealing with the limitation period of 28 U.S.C. §2255, ¶6(4) in regard to the ineffective assistance of counsel that Movant received, whereby, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Therefore, under this Circuit's precedent in Morales, and the Supreme Court's precedent case in Castro, the Magistrate Judge's decision, reclassifying Movant's motion for the production of the records was a clear error and any governmental objection on the grounds as stated herein must be overruled

**WHETHER MOVANT'S PLEA OF GUILTY WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL?**

Movant first contends that counsel was ineffective at the time that he advised Movant to enter the plea of guilty to the government's indictment without conducting a proper investigation of the facts surrounding his case.

To see whether counsel has fallen below an minimum standard needed for effective assistance of counsel under the Sixth Amendment to the Constittution, a two-prong test must be met. In Strickland v. Washington, the Supreme Court decided that a determination of ineffective assistance of counsel would be conditioned on two factors, both of which must be met:

> 1. The counsel's performance must have fallen below an objective standard of reasonableness; (p. 688)
>
> 2. There is a reasonable probability that, but for counsel's errors, the results of the proceedings would probably have been different. (p. 694)

The Movant can prove both prongs of this test. First, counsel did make an error which fell below the objective standard of reasonableness. Under the ABA standards Relating to the Adminstration of Criminal Justice, it states "it is unprofessional conduct for the lawyer to understate or overstate the risks, hazards, or prospects of the case to exert undue influence on the accused's decision as to his or her plea." Standaard 4-5.1(c) (1979). In the case of United States v. McAleny, 539 F.2d 282 (1st cir. 1976), the court dealt with a defendant who had been given false inforamtion by his attorney. the court found:

> There is accordingly a duty on attorneys to make sure whenever participating in plea bargaining proceeding, which are under the close scrutiny of the court, that any information they convey to their client is accurate and complete and that they understand what the applicable law and rules are. Id. at 287.

Second, a guilty plea must be made knowingly, voluntarily, and intelligently. Boykin v. Alabama, 395 U.S. 238 (1969). The Supreme court has ruled that a plea must be found to be involuntary if it was based upon promises or threats from counsel which deprive it of a coluntary character. Machibroda v. United States, 368 U.S. 487, 493 (1962).

Of note, Movant contends that counsel's conduct did fall below an objective standard of reasonableness by failing to ivestigate the facts surrounding his case, and the law in relation to those facts. Under the ABA Standard Relating to the Administration of Criminal Justice (1992), Standaard 4-4.1 reads in part:

> Defense counsel should conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction ....The duty to investigate exists regardless of the accused's admission or statements to defense counsel of facts constituting guilt or the accused's stated desire to plead guilty.

In Henderson v. Sargent, 926 F.2d 706, 711 (8th Cir. 1991), cert. denied, ____U.S.____, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992), the Eighth Circuit held that "[r]easobale performance of counsel includes an adequate investigation of the facts of the case, consideration of viable theories, and development of evidence to support those theories."

**WHETHER MOVANT'S SENTENCE BASED UPON THE ENHANCED PENALTIES INVOLVING COCAINE BASE SHOULD BE VACATED WHERE THE GOVERRNMENT'S PROOF AT SENTENCING FAILED TO PROVE THAT THE SUBSTANCE MOVANT POSSESSED WAS IN FACT COCAINE BASE/CRACK?**

In the present case, Movant contends that the Court accepted the probation officer's findings, to which Movant's trial counsel didnot object. Movant contends that his trial counsel's performance at the sentencing hearing violated the standards established in Strickland v. Washington, 466 U.S. 688 (1983), see also United States v. Ford, 918 F.2d 1343, 1350 (8th Cir. 1990); citing Strickland. The first Strickland requirement mandates a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Movant's trial counsel failure to object at the sentencing hearing to a base offense level was equivalent to Movant having no trial counsel at all. Therefore, the first standard is satisfied. The second Strickland requirement mandates a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial." Id. In Movant's case, counsel's errors was so serious that it deprived Movant of a fair sentence. Had Movant's trial counsel objected to the base offense level under the argument set forth below, it is possible that the Court would have sentenced Movant to a base offense level different than the one he was sentenced under.

The Sentencing Guidelines provide a much greater sentence for distribution of "crack" than for distribution of "cocaine." See U.S.S.G. § 2D1.1 & note (D); also United States v. Adams, 125 F.3d 586 (7th Cir. 1997):

> The sentencing enhancement for crack in relation to that for powder cocaine, in terms of the drug weights corresponding to specified guidelines levels, is on the order of 100:1. thus, possession of one ounce of crack receives the same sentence as possession of 100 ounces of powder cocaine. Id. at 590.

However, before November 1, 1993, the Sentencing Guidelines did not define the term "cocaine base." Section § 2D1.1 then was amended to provide: "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy rock-like form. U.S.S.G. § 2D1.1(c) note (D). Subsequent to the amendment, courts held that the government has the drug distributed was crack instead of another form of coaine base. See Adams, 125 F.3d at 592. In Adams, the court indicated that this issues "deserves great care in application" because of the significant sentencing implication. Id. at 590.

A defendant's admission that he distributed crack, as opposed to another form of cocaine, must be knowing and voluntary. See United States v. James, 78 F.3d 851, 856 (3rd Cir,), cert. denied, 519 U.s. 844, 117 S.Ct. 128, 136 L.Ed.2d 77 (1966); see also Adams, 125 F.3d at 591-92 (agreeing with the reasoning in James).

As a factual basis for the plea that Movant entered, the government and Movant both agreed that, on March 19, 2002, in the State and District of Minnesota, Movant knowingly and intentionally possessed with the intent to distribute approximately 77 grams of cocaine base ("craak"). Movant, on the advice of counsel stipulated that the crack cocaine found in the apartment belonged

to him, and that he knew it was present, and he intended to distributed it.

Moreover, the record does not demonstrate adequately that Movant's admission was knowing and therefore capable of establishing that the drug involved was crack rather than another form of cocaine base. At the time Movant was sentenced, the Court did not have the benefit of the decision in United States v. Edwards, 397 F.3d 570 (7th Cir. 2005), which held that mandatory minumum sentences are applicable to only those cocaine base offenses involving crack cocaine.

Furthermore, Movant argues that because only crack cocaine can give rise to the increase penalties, counsel should have objected and should have insisted at sentencing that the government prove by a preponderance of the evidence that the substance involved was in fact crack cocaine. Here, the government has the burden of proof and production during sentencing hearing to establish the amount and types of controlled substances related to the offense. See United States v. Mesner, 377 F.3d 849 (8th Cir. 2004); citing United States v. Houston, 338 F.3d 878 (8th Cir. 2003), where the Eighth Circuit held that, "When use of the actual methamphetamine alternative produces a greater sentence under the sentencing guidelines based on the drug quantity table, the government must prove the actual methamphetamine content of the substance or substances." Id. at 879; citing: United States v. Bogusz, 43 F.3d 82, 87 (3rd Cir. 1994). The government may prove the total quantity of actual methamphetamine in a series of

transactions by testing the purity of a sized quantity and applying the percentage of actual methamphetamine in the tested quantity to the unrecovered quantities. See United States v. Newton, 31 F.3d 611, 614 (8th Cir. 1994); accord United States v. Lopez, 165 F.3d 730, 731-32 (9th Cir. 1999). However, when no quantity has been prove the purity of quantities attributed to the defendant by circumstanial evidence, for example, a conspirator's reliable testimony that purchased methamphetamine was "undiluted, unadultered...not cut...pure,"...or an expert's testimony as to the normal purity of methamphetamine produce in a lab, see United States v. Mosby, 177 F.3d 1067, 1071 (8th Cir. 1999).

In Edwards, the Seventh Circuit premised their conclusion on the fact that, the district court's conclusion that, any form of cocaine base qualified for mandatory minimum, was error. Likewise, in the instant case, unless the substance was tested and proven to be the form of the substance requiring the mandatory ten-year sentence, then Movant asserts that the higher amount was unconstitutionally inappropriate under Edwards and Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the precribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt."). Movant contends that under Apprendi, his Guideline sentence is in error based on the imposition of an enhanced sentence on the basis of judge-found facts violates his Sixth Amendment rights and his sentence must be vacated, in light of Blakely v. Washington, 542 U.S.____, 124

S.Ct. 2531 (2004); United States v. Booker, 543 U.S.____, 125 S.Ct. 738 (2005), applying the rule of Apprendi. Had counsel properly objected on the grounds to the "nonform of cocaine base," Movant sentence would have been calculated way below the mandatory minimum of ten years imprisonment; a maximum of life, for a total of 115 grams of a substance unknown. Movant seeks resentencing, or in the alternative, an evidentiary hearing on this matter.

A. **Deficient Performance Prejudiced Movant**

Movant must establish that he was prejuedΙced by his attorney's ineffectiveness, by demonstrating that there is a reasonable probability that, but for counsel's errors, the results would have been different. Kimmelman v. Morrison, 437 U.S. 365, 374, 106 S.Ct. 2464, 2473-74 (1986).

To determine Movant's sentence, the Court turned to § 2D1.1(c) section of the Guidelines, the Drug Quantity Table, which specifies that the base level for an offense involving a quantity of cocaine base is the same as for the offense involving 100 time that quantity of cocaine. Pursuant to the guideline definition quoted above, however, only crack is subject to the heightened penalties; forms of cocaine base other than crack are sentenced like other forms of cocaine, most notably, powder cocaine. See Edwards, 397 F.3d at 570-573. Under the guidelines, an offense involving "At least 100 g but less than 200 g of cocaine (or the equivalent amount of other schedule I or II Stimulants)," the base offense level is 18. See § 2D1.1(11), which in light of Movant's criminal history, results in a sentencing of 33-41 months.

Therefore, Movant was prejudiced when counsel failed to object to the sentencing Court's calculation of movant's base offense level using the guideline for crack rather than for cocaine. Movant was sentenced to 135 months' imprisonment. Where had counsel properly objected on the grounds as argued in the instant motion, then Movant would have received a sentence way below the guideline range use to calculate his sentence. Movant respectfully requests that the instant sentence be vacated, and that his case be remanded for resentencing. In the alternative, that he be granted an evidentiary hearing on the issue presented herein.

**B. Counsel's failure to Make Objections After Sentence was Imposed**

Movant also contends that counsel was ineffective for failing to make objections to the PSI after the imposition of sentence.

Under Eleventh Circuit law, "When the district court has not elicited fully articulated objections following the imposition of sentence, the court will vacate the sentence and reamnd for further sentencing in order to give the parties an opportunity to raise and explain their objections." United States v. Jones, 899 F.2d 1097, 1103 (11th cir. 1990). This requirement also means that when objections are articulated, and none are made, the issues are waived for purposes of appeal. Id. An example of this occurred in the case of United states v. Medlock, 12 F.3d 185 (11th Cir. 1994). In that case, the defendant argued on appeal that his criminal history score was erroneously calculated. the court found, however, that counsel's failure to object to this issue after sentence was given, when requested by the district court, acted to waive the matter for appellate review. Id. at 190.

In the present case, counsel was asked immediately following pronounced of the sentence whether he had any objections to the sentence or the manner in which it was imposed. Counsel stated, "No, your honor." This was a clear violation of Eighth Circuit precedent, and acted to waive all issues for appeal purposes. Thus, movant was further prejudiced by counsel's failure in that counsel's ommission would have made any appeal meaningless. Any argument which could have been advanced on appeal would have been waived; therefore, Movant was would surely have been denied his right to appeal by counsel's conduct.

Movant asserts that a new sentencing hearing should be conducted to allow him the opportunity to pursue the issues presented herein. In the alternative, an evidentiary hearing should be conducted in light of the ineffective assistance of counsel claim.

**WHETHER MOVANT'S SENTENCE FOR THE WEAPON ENHANCEMENT MUST BE VACATED?**

Movant next contends that the Court clearly erred by applying the dangerous-weapon enhancement of §2D1.1(b)(1) because there was no direct evidence connecting the firearm to the offense.

Section 2D1.1(b)(1) of the Guidelines provides for a two-level increase if a firearm or other dangerous weapon was possessed during the commission of the underlying crime. Application Note 3 provides in part that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Cases from this Circuit have consistently held that in order for § 2D1.1(b)(1) to apply, the government bears the burden of proof by apreponderance of the evidence to establish the elements of the enhancement (i.e., presence of a dangerous weapon when the crimes were committed and that it is clearly improbable that the weapon had some nexus with the criminal activity). See, e.g., United States v. Richmond, 37 F.3d 418, 419 (8th Cir. 1994); United States v. Bost, 968 F.2d 729, 731-32 (8th Cir. 1992)(quoting U.S.S.G. § 2D1.1, comment (n.3)); United States v. Khang, 904 F.2d 1219, 1222 (8th Cir. 1990).

Most recent, in the case of United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005), the Eighth Circuit held that, "Section 2D1.1(b)(1) mandates a two-level enhancement if the Government can prove by a preponderance of the evidence that the defendant possessed 'a dangerous weapon (including a firearm)' while violating 21 U.S.C. § 841(b)."

In Movant's case, he plead guilty to Count 5 of the Indictment charging him with possession of cocaine base ("crack") with the

intent to distribute it in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and as a part of the plea agreement, Movant agreed that the present of the loaded assualt rifle warrented a two-level firearm ehancement pursuant to Guidelines Section 2D1.1(b)(1).

Nevertheless, possession of a firearm requires more than proximity to the weapon. The Ninth Circuit has stated:

> "the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance. [cite omit] It is not the same as merely knowing the weapon is nearby. The circumstances of each must be examined to determine if there is such a nexus or relationship between the defendant and the goods that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession."

United States v. Kelso, 942 680, 682 (9th Cir. 1991).

Moreover, in the case of United States v. Khang, 904 F.2d 1219 (8th Cir. 1990), the Court found:

> "Because of the aggravating nature of U.S.S.G. sction 2D1.1(b)(1), because courts strictly construe penal statutes, and because congress' intent in developing the Guidelines and Specific Offense Characteristics, the government must establish a relationship between a defendant's possession of a firearm and the offense which he or she has committed."

Id. at 1223.

In the present case, although a firearm was seized from Movant's residence, there was no evidence presented which would indicate the weapon was present during any illegal activity. Furthermore, the government never presented any evidence establishing a nexus between the weapon and the drug crime committed by Movant.

Because the government presented no evidence regarding the presence of the weapon and its nexus to the drug crime, this Court's enhancement of Movant's sentence based on § 2D1.1(b)(1) was clearly erroneous and must be vacated. Movant's mere proximity to the weapon cannot suport an enhancement. Prejudice lies due to the ineffective assistance of counsel that Movant received at the time of sentencing, when counsel failed to place a proper objection on the grounds set forth in the instant argument. Had counsel properly objected, then the Court would have been under an obligation to address this matter under the standards set forth by the Eighth Circuit as reasoned by the cases cited herein. The sentence must be vacated.

**WHETHER MOVANT IS ENTITLED TO AN EVIDENTIARY HEARING ON THE ISSUES PRESENTED?**

Movant finally contends that, based upon the issues presented in his Memorandum of law, an evidentiary hearing must be held.

An evidentiary hearing is required in every 2255 motion so long as the motion alleges facts "which, if true, would warrant habeas relief." Engelen v. United States, 68 F.3d 238, 240-41 (8th cir. 1995). Courts have found that this language indicates that the Movant need only show an "independent indicia of the likely merit of his contentions." Harmason v. Smith, 888 F.3d 1527, 1529 (5th Cir. 1988). "Section 2255 provides that a petitioner is entitled to an evidentiary hearing on his motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. Engelen, 68 F.3d at 240-41. Rule 4(b) of the Rules Governing Section 2255 proceedings in the United States District Courts provides that a hearing need not be held if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief. Thus, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." Engelen, Id., at 240-41.

In United States v. Woods, 270 F.3d 728, 730 (8th Cir. 2001), the Eighth Circuit found an evidentiary hearing is usually required

if the motion states a claim based on matters "outside the original record" or events outside the courtroom.

Nevertheless, the record in the Movant's case clearly states claims on matters and events that are contained within the original record. Specifically, Movant has alleged in the instant motion that, counsel's actions led Movant into a plea agreement with the government, where at the time of the Change of Plea Hearing, counsel ineffectively advised Movant to plead guilty to a charge that carried a mandatory minimum sentence of ten years, imprisonment up to a maximum of life imprisonment, which allowed the government at the time of sentencing, to include from the dismissed count, an additional 38 grams of crack cocaine, under a false pretense that "the second quantity does not really change the sentence." (Change of Plea Hearing, at pg. 4, lines 6-7); whereby, Movant's base offense level was determined to be level 32, based on the total amount of 115 grams of crack cocaine, as stipulated by the parties, without the substance ever being tested to determine, if in fact, the substance was actually "crack cocaine," the substance of which the courts have consistently applied the 100-to-1 ratio.

Furthermore, the parties agreed that there should be a two level firearm enhacnement for a firearm that the government's failed to present any evidence that it was possessed while Movant violated 21 U.S.C. § 841(b). See United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005)(quoting § 2D1.1(b)(1). The enhancement, which "reflects the increase danger of violence when drug traffickers

possess weapons[,]...should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

In the present case, Movant contends that it was improbable that the firearm, a SKS 7.62 caliber assault refle with obliterated serial numbers as charged in count 6, was connected with the offense under which he was charged and plead guilty to. Here, the gobermnet failed to present any evidence to show a temporal and spatial nexus of this firearm, to Movant's drug trafficking activity.

Finally, and most importantly for purposes of deciding whether or not to hold an evidentiary hearing, the Court must take the facts as presented in the motion as true. Smelcher v. Attorney General of Alabama, 947 F.2d 1472, 1478 (11th Cir. 1991); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992).

In the present case, Movant has alleged in his §2255 motion under ¶6(4), facts which, taken as true, would allow him relief. Specifically, Movant has alleged that counsel rendered his services ineffective at the plea and sentencing stages. Further, Movant has alleged that counsel was ineffective at sentencing by failing to advocate these issues, and that they are issues which could have been raised which would have made a difference in his sentence. Further, the reasons for counsel's failure in these areas are not contained within the record. Therefore, Movant is clearly entitled to an evidentiary hearing on the instant motion.

## CONCLUSION

In clusion, Movant asserts that he has provided the proof

necessary for an evidentiary hearing on these matters. He need only show that it cannot be conclusively determined from the record that he was not denied effective assistance of counsel for the Court to grant an evidentriay hearing. movant believes that he has shown sufficiently that he was denied his right to effective representation to warrant an evidentiary hearing in his case.

Respectfully submitted,

Dated 11-28-05

Mario R. Smith

Mario Ronrico Smith