UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-128(1) (DSD)
Civil No. 05-2734 (DSD)

| | |
|---|---|
| MARIO RONRICO SMITH, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | OPPOSITION OF THE UNITED STATES TO SMITH'S PETITION UNDER 28 U.S.C. § 2255 |

Defendant Mario Smith, who pleaded guilty to possessing with intent to distribute crack cocaine, has filed an untimely petition under 28 U.S.C. § 2255. He claims that his trial attorney, Craig Cascarano, rendered ineffective assistance by failing to adequately investigate the case. He also challenges the use of the guidelines for crack cocaine as opposed to powder cocaine, in setting his base offense level. He also challenges the two-level gun enhancement he received.

All these claims should be summarily dismissed because the petition is untimely by nearly two years. In fact, there already has been a judicial determination that the petition is untimely. No evidentiary hearing is required.

## I. **THE PETITION MUST BE DISMISSED AS UNTIMELY**

Smith pleaded guilty on August 19, 2002. He was sentenced on January 16, 2003. He did not take a direct appeal. Accordingly, his conviction was final as of January 16, 2003.

Under 28 U.S.C. § 2255, a defendant has one year from the date on which the judgment of conviction becomes final to file a Section 2255 petition. In Smith's case, the one-year limitations period expired on January 16, 2004. The present petition was not filed until on or about November 29, 2005, which is almost two years late.

Magistrate Judge Nelson already has ruled that the petition is untimely. In an order dated February 1, 2005, the Magistrate Judge addressed Smith's pro se motion for an order directing his former attorney to provide him with discovery materials in the underlying case. Smith allegedly wanted the materials in order to be able to file a Section 2255 petition. The Magistrate Judge denied the request because Smith's time for filing a Section 2255 petition had expired 11 months before he filed his motion for discovery. (Copy of Order attached.) Smith did not appeal from the Magistrate Judge's order.[1]

Smith attempts to argue that his petition is timely, relying on two separate exceptions to the one-year limitations period. He first seeks to take advantage of the "newly discovered evidence" exception found in 28 U.S.C. § 2255, subd. (4). However, he never identifies any newly discovered evidence or explains why, even if

[1]Smith erroneously claims that the Magistrate Judge recharacterized his motion for discovery as a Section 2255 petition in violation of Eighth Circuit case law. The Magistrate Judge did no such thing. She simply ruled that the discovery motion was moot because Smith's time for filing a Section 2255 petition had already run.

there were any, it wasn't discovered earlier. All of Smith's claims are based on things that he either knew, or should have known, not later than the time of his sentencing. Thus, the "newly discovered evidence" exception does not apply.

Smith also mentions the exception for new rules of law made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. § 2255, subd. (3). But Smith does not identify any new rule of law. Even if his petition were construed to allege a Booker or a Blakely claim, the petition still would be deficient because neither of those decisions is retroactive to cases on collateral review. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

**II. SMITH'S PETITION IS FACIALLY DEFICIENT ON THE MERITS AS WELL**

Even if the petition were properly before the Court, which it is not, it should be summarily dismissed on the merits. Smith's claim that his attorney was ineffective due to an alleged lack of investigation is unsupported by any facts whatsoever. Smith does not even begin to say what his lawyer allegedly failed to do. Unsupported allegations in a Section 2255 petition are insufficient. E.g., United States v. Delgado, 162 F.3d 981, 983 (8th Cir. 1998).

Smith's other two claims are nothing more than challenges to the application of the sentencing guidelines. The Eighth Circuit repeatedly has held that ordinary sentencing guideline disputes are

not the stuff of which Section 2255 petitions are made. E.g., Auman v. U.S., 67 F.3d 157, 160-61 (8th Circ. 1995). Even if they were, Smith's claim that he should not have been held accountable for crack cocaine as opposed to powder cocaine is belied by his own admissions during his change of plea hearing. Smith admitted that the drug he was caught with was crack cocaine. T. Plea at 13-14. Smith also stipulated in the written plea agreement that the crack cocaine guidelines properly should apply to him. T. Plea at 4.

Similarly, Smith's claim that he should not have received a firearm enhancement is belied by the record. As part of his plea agreement, Smith explicitly stipulated that there should be a firearm enhancement. T. Plea at 13. He admitted that the firearm in question -- an assault rifle -- was found readily accessible in the same apartment as the crack cocaine. Id.

**CONCLUSION**

Because Smith's proposed Section 2255 petition is untimely by nearly two years, it should be summarily dismissed. No evidentiary hearing is warranted.

Dated: Dec. 5, 2005

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/Jeffrey S. Paulsen
BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332