UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2734(DSD)
Criminal No. 02-128(1)(DSD/SRN)

United States of America,

Plaintiff,

v. **ORDER**

Mario Ronrico Smith,

Defendant.

This matter is before the court upon defendant's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, request for an evidentiary hearing and motion for leave to file traverse. Based upon a review of the file, record and proceedings herein, defendant's § 2255 motion and request for a hearing are denied and his motion to file a traverse is granted.

## BACKGROUND

On August 19, 2002, defendant Mario Ronrico Smith pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On January 16, 2003, this court applied a two-level enhancement for possession of a firearm in connection with a controlled substance offense and sentenced defendant to 135 months imprisonment.[1]

[1] The court also granted defendant's motion for a downward departure pursuant to Sentencing Guideline section 4A1.3 because (continued...)

Defendant did not take a direct appeal, so his conviction was final as of January 16, 2003. Defendant now moves to vacate, set aside or correct the court's sentence.

## DISCUSSION

### I. Section 2255 Motion

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). However, a § 2255 motion is subject to a one-year period of limitation. See 28 U.S.C. § 2255. The limitation period runs from the latest of the date on which (1) the conviction became final, (2) any impediment to making a § 2255 motion created by the government was removed, (3) the right asserted was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or (4) the facts supporting the claim could have been discovered by due diligence. Id. § 2255(1)-(4).

The court finds that only the first calculation for the one-year period of limitation applies in this case. As such, the time

[1] (...continued)
his criminal history category significantly over-represented the seriousness of his criminal history.

period in which defendant could file a § 2255 motion expired on January 16, 2004, which was one year after his conviction became final. Therefore, his motion is time-barred.

Defendant argues that the right he asserts was newly recognized by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005), and that he therefore has one year from the date of that decision to make his § 2255 motion. However, the right recognized in Booker does not apply retroactively on collateral review. See Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005). Therefore, the one-year period of limitation does not run from the date of the Booker decision.

Defendant also contends that facts which could only be recently discovered through the exercise of due diligence effectively restart the one-year period of limitation. However, defendant only points to recent caselaw as the alleged "newly-discovered evidence." (See Def.'s Traverse at 3.) The court rejects defendant's argument because caselaw is not evidence. For all of the above reasons, the court denies defendant's § 2255 motion as untimely.

**II. Request for Evidentiary Hearing**

Section 2255 requires a hearing for the purpose of determining the issues presented by the motion and making findings of fact with respect thereto. See 28 U.S.C. § 2255. A hearing is not required, however, where "the motion and the files and records of the case

conclusively show" that relief is not available. Id. Because defendant's motion is time-barred, no relief is available to him. A hearing is therefore unnecessary.

**III. Certificate of Appealability**

The court determines that defendant has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Thus the court does not grant a certificate of appealability.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 68] is denied.

2. Defendant's motion for leave to file traverse [Doc. No. 73] is granted.

3. For purposes of appeal, the court does not certify the issues addressed herein pursuant to 28 U.S.C. § 2253(c)(2).

Dated: January 26, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court